**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS/MBR/PSB
F. #2020R00270

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 18, 2025

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Peter Weinzierl
Criminal Docket No. 20-383 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter in opposition to the defendant's motion to take depositions under Federal Rule of Criminal Procedure 15. See ECF No. 45 ("Mot."). The defendant's motion fails to make the requisite showings of materiality and unavailability required to justify the exceptional remedy of a Rule 15 deposition. Accordingly, the motion should be denied.

## I. Relevant Facts

In his motion, the defendant seeks the foreign depositions of three witnesses, Astrid Mahoric, Matvei Hutman, and Georg Freimuller, who are all Austrian citizens and European residents. The defendant repeatedly asserts that each of these witnesses has "refused" and "affirmatively declined" to travel to the United States to testify at trial, "for varying reasons, including age, professional obligations, and legal advice." Mot. 3–5.[1]

Mahoric, according to the defendant, was the executive assistant to co-conspirator Alexander Waldstein. Mot. 8. The defendant proffers that Mahoric will testify "that all directions and communications with the alleged co-conspirators was conducted through Mr. Waldstein"; testify "that attorneys were involved and drafted all the agreements discussed in the . . . indictment"; and testify about "general information on the process and procedures of how approvals were processed and how they were conducted through the bank." Mot. 8.

[1] The defendant's motion states in certain places that the defendant seeks to depose eight witnesses, but based on conference discussions with defense counsel the government understands that the defendant is seeking Rule 15 depositions only of the three witnesses discussed in the Argument section of the motion (Mahoric, Hutman, and Freimuller).

According to the defendant, Hutman was the head of the Private Client and Asset Management function at Foreign Bank 1 and, from mid-2013, succeeded Waldstein on Foreign Bank 2's Board of Directors. Mot. 9. The defendant surmises that Hutman "is presumably knowledgeable about interactions with Alexander Smirnov and unsuccessful business development attempts involving Foreign Bank 2 and identified Brazilian co-conspirators." Mot. 9 (emphasis added). The defendant asserts that Hutman's anticipated testimony is material because he is able to testify about "the standard process for approval of the deals at issue in this case" and "the involvement and workings of [Foreign Bank 2] and the extent of Mr. Weinzierl's involvement in the operations of that Bank." Mot. 9.

Dr. Georg Freimuller has been the liquidator of Anglo Austrian Bank AAB, the successor entity to Foreign Bank 1, since around 2020. The defendant proffers that Freimuller's testimony would cover historic documents of Foreign Bank 1 and its systems, transactions data, accounting data, and earnings data. Mot. 9. The defendant further states that Freimuller would testify about the intentional deletion of emails and that his testimony would aid with authentication of Foreign Bank 1 emails. Mot. 9–10.

## II. Applicable Law

As specified in Rule 15 itself, pre-trial depositions in criminal cases are reserved for "exceptional circumstances." Fed. R. Crim. P. 15(a)(1); see United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001); see also United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993) (foreign depositions in criminal cases are "suspect" and "disfavored"). The antipathy toward depositions is due in part to the fact that they deprive the fact-finder of the ability to observe the demeanor of witnesses live and in court. See Drogoul, 1 F.3d at 1552; United States v. Ismaili, 828 F.2d 153, 159 (3d Cir. 1987); United States v. Oudovenko, No. 00-CR-1014 (JG), 2001 WL 253027, at *4 (E.D.N.Y. Mar. 7, 2001) ("By depriving the jury of the opportunity to observe the witnesses as they testify, the jury is hampered in its ability to make credibility assessments and to weigh the evidence fairly.").

To meet the "exceptional circumstances" standard, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." Cohen, 260 F.3d at 78. "[T]he movant has the burden of establishing that he has met all three of the above factors [and] [e]ven if those factors are satisfied, a court may properly deny the motion if the proposed testimony would be cumulative or consists of hearsay." United States v. Grossman, No. 03-CR-1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005).

Where the movant fails to meet her or his burden on any factor, including by failing to provide sufficient concrete details, the motion should be denied. See United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962) (affirming denial of Rule 15 motion where movant's proffer was "vague and indefinite"); United States v. Guild, No. 07-CR-404 (JCC), 2008 WL 134562, at *2 (E.D. Va. Jan. 9, 2008) (denying defendant's motion to take foreign depositions because the defendant's "scant" proffer "fail[ed] to provide the information necessary to meet the high bar required by Rule 15(a)"); United States v. Chusid, No. 00-CR-263 (LAK), 2000 WL 1449873, at *2 (S.D.N.Y. Sept. 27, 2000) (denying Rule 15 motion where defense counsel provided only their expectations as to what witnesses would say and did not submit affidavits from the witnesses); United States v. Campbell, No. 91-CR-1219 (RJD), 1998 WL 564376, at *1 (E.D.N.Y. June 30, 1998) (denying defendant's Rule 15 motion where proffer of witnesses' anticipated testimony was "woefully inadequate").

"Unavailability is to be determined according to the practical standard of whether under the circumstances the [party seeking to take the deposition] has made a good-faith effort to produce the person to testify at trial." United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984); see also Advisory Notes to Fed. R. Crim. P. 15 ("Unavailable" as a witness includes situations in which the deponent . . . (5) is absent from the hearing and the proponent of his deposition has been unable to procure his attendance by process or other reasonable means."). "[R]esidence outside the United States is alone insufficient to show unavailability." Campbell, 1998 WL 564376, at *1. Although a court may accept the representations of counsel with respect to the unavailability of a witness, see United States v. Sindona, 636 F.2d 792, 804 (2d Cir.1980), "[c]onclusory statements of unavailability by counsel are insufficient," Chusid, 2000 WL 1449873, at *1. See also United States v. Varbaro, 597 F. Supp. 1173, 1181 (S.D.N.Y. 1984) ("Although the rule does not necessarily require a showing of certainty that a witness will be unavailable, surely it requires a showing of a specific reason why the witness might not be available."). Indeed, the movant bears the burden to make a sufficient showing of the witness's unavailability. See United States v. Sanford, Ltd., 860 F. Supp. 2d 1, 12 (D.D.C. 2012) (finding the absence of witness affidavits "indicative of the lack of foundation" for the requested depositions); United States v. Groos, 616 F. Supp. 2d 777, 791 (N.D. Ill. 2008) ("[T] court needs to know the actual reasons the witnesses are unwilling to testify and cannot base its decision on hypothetical reasons and supposition." (emphasis in original)).

In the context of Rule 15, "material" has been defined as "highly relevant to a central issue in the case . . . ." Grossman, 2005 WL 486735, at *3–4. Thus, "[t]o satisfy the materiality requirement, [a defendant] must make some showing that the proposed testimony exculpates . . . the defendant." United States v. Abu Ghayth, 17 F. Supp. 3d 289, 299 (S.D.N.Y. 2014); see also United States v. Kelley, 36 F.3d 1118, 1125 (D.C. Cir. 1994) (stating that the defendant must make "some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant"). While the testimony "need not be definitive proof of guilt or innocence," it "should be more than merely relevant." Abu Ghayth, 17 F. Supp. 3d at 299; see also United States v. Norman, No. 07-CR-961 (KBF), 2012 WL 5278548, at *1 (S.D.N.Y. Oct. 24, 2012) ("Mere relevance is not enough."). "Furthermore, the proposed testimony should be admissible and non-cumulative of other evidence." Abu Ghayth, 17 F. Supp. 3d at 299; see also Drogoul, 1 F.3d at 1557 (explaining that "if there is very little chance that [testimony] will be admissible . . . the district court need not engage in the wasteful practice of authorizing [such testimony]"); United States v. Allen, No. 14-CR-272 (JSR), 2015 WL 5022524, at *2 (S.D.N.Y. Aug. 18, 2015) (denying motion for Rule 15 deposition where "[m]ost, if not all, such testimony would be inadmissible"); Campbell, 1998 WL 564376, at *1 ("A court does not abuse [its] discretion where it denies a Rule 15 motion because the evidence [is] in some respects irrelevant and in others cumulative and possibly inadmissible as hearsay."). And the movant's proffer of a witness's anticipated testimony must be sufficiently specific to allow the court to make a materiality determination. See United States v. Sandoval, No. 94-CR-714 (ACW), 1997 WL 458424, at *2 (N.D. Ill. Aug. 4, 1997) (requiring "the witnesses to produce a detailed affidavit indicating the specific and precise nature of the witnesses' testimony so that the court can accurately evaluate the materiality").

The third criterion, that the testimony is necessary to prevent a failure of justice, is "likely satisfied when the first two factors are met." United States v. Khan, No. 06-CR-255 (DLI), 2008 WL 2323375, at *4 (E.D.N.Y. June 2, 2008). However, a court could find that material testimony of an unavailable witness is not necessary to prevent a failure of justice where there are

"substantial countervailing factors militating against the taking of the deposition." Grossman, 2005 WL 486735, at *3.

## III. The Defendant Has Not Demonstrated That the Witnesses Are Unavailable

The defendant's motion fails to provide any specific information regarding the purported unavailability of Mahoric, Hutman, or Freimuller, or any good-faith efforts to secure their presence for trial. The defendant merely asserts that each witness has refused and affirmatively declined to appear for varying reasons not attributed to any particular witness, including age, professional obligations, and legal advice. See Mot. 3–5. The defendant also asserts without further description that "Mr. Weinzierl's good faith efforts to secure their presence at trial have failed."

While a court may normally rely on counsel's representations, there are reasons to doubt the representations here. On or about August 13, 2025, an FBI Special Agent interviewed by phone Freimuller, one of the witnesses the defendant claims has refused to appear to testify. Freimuller stated to the FBI that no one has asked him whether he would travel to the United States to testify as a witness in this case. He further stated, contrary to the defendant's representations, that he was willing to appear and testify, assuming his testimony was needed by one of the parties and his expenses were covered. Freimuller is therefore not unavailable within the meaning of Rule 15, and it is unclear why the defendant claimed otherwise.[2]

The government has not contacted Mahoric or Hutman, but there is no reason to accept the defendant's unsupported assertions that they too refused, or that the defendant made any good-faith efforts to secure their presence such as offering to pay their travel expenses. The varying reasons for unavailability that the group of witnesses purportedly gave — age, professional obligations, and legal advice — presumably do not apply to Mahoric or Hutman, given their approximate ages of 49 and 48, respectively, and the unlikely conflicts with their professional obligations for a trial date that has not yet been set.

Because Freimuller is available to appear should his travel expenses be paid, and because the defendant has failed to establish the unavailability of Mahoric and Hutman by failing to provide specific reasons for unavailability and to demonstrate his good-faith efforts to secure their presence, the Court should deny the defendant's motion on that basis alone. See, e.g., Oudovenko, 2001 WL 253027, at *2 (denying Rule 15 deposition on unavailability grounds in part because "counsel's affirmation fail[ed] to establish that he or [the defendant] made a good faith effort to secure the presence of these witnesses at trial, such as by offering to pay their trial expenses"); United States v. Bronston, 321 F. Supp. 1269, 1272 (S.D.N.Y. 1971) ("[T]he unwillingness of a witness to come to this country unless his expenses are paid does not necessarily mean that he is 'unable to attend or prevented from attending' the trial."); see also Ismaili, 828 F.2d at 160 (affirming denial of request for foreign depositions because there was no evidence demonstrating that the defendant made reasonable efforts to bear the witnesses' travel expenses).

---

[2] The same day the FBI spoke to Freimuller, the government contacted defense counsel to request that counsel provide any statements in their possession for the three witnesses the defendant sought to depose. Although the defendant would be required to provide any witness's prior statements pursuant to Fed. R. Crim. P. 26.2, counsel declined to provide any such statements.

## IV. The Defendant Has Not Demonstrated That the Witnesses' Anticipated Testimony Is Material

The defendant has likewise failed to meet his burden of establishing the materiality of these witnesses' testimony by making "some showing that the proposed testimony exculpates . . . the defendant." Abu Ghayth, 17 F. Supp. at 299. The motion provides only a limited proffer of testimony for each witness with little clear connection to potential exculpation of the defendant.

### A. Astrid Mahoric

According to the defendant, Mahoric was co-conspirator Alexander Waldstein's executive assistant who "wrote emails dictated directly by Mr. Waldstein." Mot. 8. There is no description of these emails or their relevance and the defendant therefore fails to demonstrate that testimony about these emails, whatever they are, would be material.

The defendant further states that Mahoric "will testify that all directions and communications with the alleged co-conspirators [were] conducted through Mr. Waldstein." Mot. 8. The defendant offers no basis for his belief that Mahoric will offer such testimony, and he offers no foundation for how Mahoric could make such a broad claim consistent with the personal-knowledge requirements of Fed. R. Evid. 602. At the very most, Mahoric could testify that all directions and communications with co-conspirators of which she was aware went through Waldstein. That more qualified claim is of minimal probative value unless it is accompanied by evidence that Mahoric was aware of all communications by all co-conspirators at all times, a showing that the defendant does not attempt to make and likely could not make. Indeed, the evidence produced in discovery demonstrates that there must have been many communications Mahoric was unaware of, as the government has produced numerous emails to the defense between and among Mr. Weinzierl and other co-conspirators that did not include either Mahoric or Waldstein. The government further anticipates proving that the defendant attended many meetings and had phone calls with other co-conspirators where neither Mahoric nor Waldstein was present. In the end, testimony that Mahoric was unaware of the co-conspirator communications that she was unaware of does not meet the Rule 15 standard of materiality and any minimal probative value it had would be easily outweighed by the potential for confusion and wasting time under Fed. R. Evid. 403. See Campbell, 1998 WL 564376, at *3 (defendant's proffer failed to establish materiality of witnesses' testimony because "general statements" that the defendant was in Costa Rica in 1991 "does not prove that [defendant] was not 'present' in the United States on the specific dates" of the alleged robberies).

The defendant further proffers that Mahoric will testify "that attorneys were involved and drafted all the agreements discussed in the Government's indictment." Mot. 8. Testimony regarding attorney involvement is generally impermissible under Fed. R. Evid. 403 unless a defendant intends to assert an advice-of-counsel defense, which would require the defendant to show that he "(1) honestly and in good faith sought the advice of counsel; (2) fully and honestly laid all the facts before his counsel; and (3) in good faith and honestly followed counsel's advice, believing it to be correct and intending that his acts be lawful." United States v. Denkberg, 139 F.4th 147, 156 (2d Cir. 2025). Moreover, asserting such a defense would require a waiver of privilege by Foreign Bank 1, which the defendant cannot provide. Thus, testimony "that attorneys were involved" is likely inadmissible, and the defendant's vague proffer that Mahoric will offer such impermissible testimony is not sufficient to show that Mahoric's testimony is material to the defense.

Lastly, the defendant states that Mahoric's testimony will "encompass general information on the process and procedures of how approvals were processed and how they were conducted through the bank." The defendant fails to explain what this general information will be or how it might exculpate him. See Abu Ghayth, 17 F. Supp. 3d at 299 ("To satisfy the materiality requirement, the moving party must make some showing that the proposed testimony exculpates . . . the defendant."); Kelley, 36 F.3d at 1125 (stating that the defendant must make "some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant"). To the extent such information is relevant and accurate, the government could be amenable to reaching a stipulation regarding the bank's processes and procedures, which stipulation would further obviate the need for a Rule 15 deposition of Mahoric. Cf. United States v. Perez, No. 01-CR-848 (SWK), 2003 WL 721568, at *14 (S.D.N.Y. Feb. 28, 2003) (finding no error for the court to deny defendant's request for assistance in obtaining a witness's testimony where the parties reached a stipulation such that the witness's testimony "would have been cumulative and unnecessary"). Absent more specificity about the anticipated testimony, however, the government cannot assess whether such a stipulation is possible, and the defendant cannot meet his burden of establishing materiality.

B. Matvei Hutman

The defendant's proffer as to Hutman's anticipated testimony is likewise inadequate to make a sufficient showing of materiality. The defendant states that Hutman is "presumably knowledgeable about interactions with Alexander Smirnov and unsuccessful business development attempts involving Foreign Bank 2 and identified Brazilian co-conspirators." Mot. 9. The proffer itself is presented as "unsubstantiated speculation," and is therefore inadequate. Kelley, 36 F.3d at 1125. More fundamentally, the defendant offers no explanation for why any testimony about Alexander Smirnov has anything to do with this case. To the government's knowledge, Mr. Smirnov — a former government source whom the defendant's extradition counsel alleged lured the defendant to the United Kingdom in 2020 — had no involvement in any of the charged conduct. It is thus wholly unclear how any testimony about Mr. Smirnov would be admissible, let alone how it could exculpate the defendant, and the defendant therefore fails totally in meeting his burden of demonstrating how such testimony would be material.

The defendant further states that Hutman would testify about "the standard process for approval of the deals at issue in this case" and "the involvement and workings of [Foreign Bank 2] and the extent of Mr. Weinzierl's involvement in the operations of that Bank." Mot. 9. As with the similar proffer of process testimony by Mahoric, the defendant declines to provide details about the actual substance of Hutman's anticipated testimony or any explanation for how it might exculpate him. Abu Ghayth, 17 F. Supp. 3d at 299; Kelley, 36 F.3d at 1125. The defendant also provides no substance that would allow the government to assess a potential stipulation to address potentially undisputed facts. The defendant has therefore failed to meet his burden of establishing materiality.

C. Georg Freimuller

If the Court finds, based on the facts set forth above, that Freimuller is available within the meaning of Rule 15, or that the defendant has failed to establish his unavailability, then the materiality of his testimony is irrelevant for Rule 15 analysis.

In any event, the defendant has also failed to meet his burden of establishing materiality with regard to Freimuller. The defendant proffers that testimony from Freimuller, as liquidator of Foreign Bank 1 and custodian of its records, would be helpful in authenticating documents and data from its systems. There is no indication of what documents the defendant is referring to or how those documents and data might exculpate Mr. Weinzierl. And again, the government may be amenable to reaching a stipulation regarding the authenticity of relevant records produced by Freimuller, which could obviate the need for either party to call him as a witness. As the record stands now, however, without even knowing what records the defendant is talking about, all that is clear is that the defendant has failed to meet his burden.

## V. Conclusion

For the reasons set forth above, the Government respectfully submits that the Court should deny the defendant's motion to take foreign depositions under Rule 15.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Jonathan Siegel
Benjamin Weintraub
Assistant U.S. Attorney
(718) 254-6293 (Siegel)

MOLLY A. MOESER
Chief, Money Laundering and
Asset Recovery Section
Criminal Division
Department of Justice

By: /s/
Michael B. Redmann
Deputy Chief, International Unit
Matthew Tannenbaum
Trial Attorney
1400 New York Avenue NW
Washington, DC 20005
(202) 436-6891

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division
Department of Justice

By: /s/
Patrick Brown
Trial Attorney
1400 New York Avenue NW
Washington, DC 20005
(202) 679-2688

cc: Clerk of Court (RPK) (by ECF)
Counsel of record (by ECF)